United States District Court
Southern District of Texas
**ENTERED**
April 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Troy Edwin Nehls | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25−cv−00112 |
| | § | |
| United States of America | § | |
|    Defendant. | § | |

**ORDER FOR CONFERENCE AND
DISCLOSURE OF INTERESTED PARTIES**

1. Counsel and all *pro se* parties shall appear for an initial pretrial and scheduling conference before United States Magistrate Judge Andrew M. Edison at the following time and place:

    **August 13, 2025, at 09:00 AM**
    by video
    **https://www.zoomgov.com/join**
    **Meeting:** 160 199 5344
    **Passcode:** 152902

    Attendance by an attorney who is knowledgeable about the case and who has authority to bind each represented party is required at the conference. The court will enter a docket-control order at the conference.

2. CERTIFICATE OF INTERESTED PARTIES: Within 14 days following receipt of this order, counsel shall file with the clerk a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk..

3. NOTICE TO PARTIES ASSERTING FEDERAL JURISDICTION IN DIVERSITY CASES: Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. The party asserting federal jurisdiction in a diversity action has the burden to demonstrate that there is complete diversity. The citizenship of a limited-liability business organization is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited-liability entity are themselves entities or associations, citizenship must be traced through however many

layers of members it may take to reach a person or entity that is not a limited-liability entity and identifying its citizenship status. See *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). If the complaint or notice of removal filed in this action does not show the citizenship of all limited-liability entities, the plaintiff (if initiating the action in federal court) or the defendant (if removing the action from state court) is ORDERED to file an amended complaint or notice of removal, respectively, within twenty days following the entry of this order. The failure to allege facts establishing complete diversity of citizenship may result in dismissal or remand of this action by the court on its own initiative without further notice.

4. After the parties confer as required by Fed. R. Civ. P. 26(f), counsel and all parties appearing *pro se* shall prepare and file, not fewer than 10 days before the scheduling conference, a joint discovery/case management plan using the form attached.

5. Counsel and all *pro se* parties who file or remove an action must serve a copy of this order with the summons and complaint or the notice of removal.

6. The parties may commence discovery before the scheduling conference.

7. Initial disclosures may not be delayed. They must be exchanged with opposing counsel before the scheduling conference.

8. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

JUDGE BROWN'S PROCEDURES: Judge Brown has promulgated rules of practice for cases in Galveston. They can be found at the below link. Please read and follow them.

https://www.txs.uscourts.gov/sites/txs/files/GalvestonDistrictCourtRulesofPractice.pdf

* **By Order of the Court** *

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| _____, | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| _____, | § | |
| | § | |
| Defendant(s). | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

(Please restate the instruction before furnishing the information.)

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

3. <u>Briefly</u> describe what this case is about.

4. Identify any issues as to service of process, personal jurisdiction, or venue.

5. Federal jurisdiction.

    a. Specify the allegation of federal jurisdiction.

    b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.

    c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship.*See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

6. List anticipated additional parties that should be included, and by whom they are wanted.

7. List anticipated interventions.

8. Describe class-action or collective-action issues.

9. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

10. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

11. Describe the proposed discovery plan, including:

    a. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.

    b. Any threshold issues–such as limitations, jurisdiction, or immunity–that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

12. Experts

    a. Are experts needed on issues other than attorneys' fees?

    b. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.

    c. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

    d. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).

13. State the date discovery can reasonably be completed.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

18. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.

19. State whether a jury demand has been made and if it was made on time.

20. Specify the number of hours it will likely take to present the evidence.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

22. List other pending motions.

23. List issues or matters, including discovery, that should be addressed at the conference.

24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

_____    _____

Counsel for Plaintiff(s)                                                                          Date

_____    _____

Counsel for Defendant(s)                                                                        Date

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| _____, | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| _____, | § | |
| | § | |
| Defendant(s). | § | |

## CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

All parties to this case waive their right to proceed before a district judge and consent to have a United States Magistrate Judge conduct all further proceedings, including the trial and judgment, pursuant to 28 U.S.C. § 636(c).

_____    _____

_____    _____

_____    _____

## ORDER OF TRANSFER TO MAGISTRATE JUDGE

The parties in this case consented to proceed before United States Magistrate Judge Andrew M. Edison. It is ORDERED that this matter is transferred to United States Magistrate Judge Andrew M. Edison for all further matters. Pursuant to 28 U.S.C. § 636(c), all proceedings in this case, including the entry of final judgment and the determination of any post-judgment matters, are hereby transferred to United States Magistrate Judge Andrew M. Edison. Any appeal from the Magistrate Judge's order and judgment would be directly to the Court of Appeals for the Fifth Circuit.

SIGNED on Galveston Island this \_\_\_\_ day of _____, 20\_\_\_\_\_.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE